UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RONALD J. ROSEN,

       Petitioner,

v.                                           CASE NO. 6:14-cv-134-Orl-31TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____

## ORDER

       Petitioner, through counsel, initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).   Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. 6).   Petitioner filed a reply (Doc. 18).

       Petitioner alleges eighteen claims for relief in his habeas petition.[1]   For the following reasons, the petition is denied.

### I.   *Procedural History*

       Petitioner was charged in six cases with ten counts as follows:[2] (1) case 01-CF-30510 with three counts of lewd or lascivious molestation on a person, ("C.E."), twelve

---

[1] Petitioner numbered his claims one through three. However, claims one and two have multiple subparts.   The Court will address each subpart individually as a separate claim.

[2] Each case involved a victim under the age of sixteen.   The Court will refer to the victim in each case by her initials.

years of age, (2) case 2001-CF-31587 with lewd or lascivious molestation of a person, ("A.H."), eleven years of age, (3) case 2001-CF-31588 with two counts of lewd or lascivious molestation of a person, ("A.R"), twelve years of age, (4) case 2001-CF-31589 with two counts of lewd or lascivious conduct of a person, ("L.E."), twelve years of age, (5) case 2001-CF-31601 with lewd or lascivious molestation of a person, ("L.M."), twelve years of age, and (6) case 2001-CF-31603 with lewd or lascivious molestation of a person, ("K.M"), eleven years of age.   (Doc. 7-7 at 2, 5, 7, 10).   The cases were consolidated for trial.

Petitioner proceeded to trial, and at the close of the prosecution's case, the trial court granted a motion for judgment of acquittal as to one count of lewd or lascivious molestation of L.E. in case 2001-CF-31589.   (Doc. 10-6 at 11).   A jury found Petitioner guilty of two counts of lewd or lascivious molestation of C.E. and not guilty of the other count in case 01-CF-30510, guilty of lewd or lascivious molestation of A.H. in case 2001-CF-31587, guilty of one count of lewd or lascivious molestation and guilty of the lesser included offense of battery of A.R. in case 2001-CF-31588, not guilty in cases 2001-CF-31589 and 2001-CF-31601, and guilty of the lesser included offense of battery of K.M. in case 2001-CF-31603   (Doc. 9-1 at 42-48; Doc. 9-2 at 1-4).   The trial court sentenced Petitioner to four concurrent 231.3-month terms of imprisonment for the lewd or lascivious molestation convictions and to concurrent twelve-month terms of imprisonment for the two battery convictions.   (Doc. 7-6 at 41-42; Doc. 9-4 at 31-32; Doc.

2

9-5 at 7, 15, 23).   Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed.   (Doc. 10-10 at 52-64).

Petitioner subsequently filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.   (Doc. 11-1 at 74-97; Doc. 11-2 at 1-22).   The state court denied the motion in part and ordered an evidentiary hearing on some of Petitioner's claims.   (Doc. 11-2 at 25-44; Doc. 11-4 at 66-67).   The state court denied the remaining claims after the hearing.   (Doc. 12-1 at 47-63).   Petitioner appealed, and the Fifth DCA affirmed *per curiam.*   (Doc. 12-6 at 79).

## II.   Legal Standards

### A.   Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B.     *Standard for Ineffective Assistance of Counsel***

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668

(1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id.* at 687-88.   A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Id.* at 689-90.   "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States   clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).   Under

those rules and presumptions, "the cases in which habeas petitioners can properly prevail

on the ground of ineffective assistance of counsel are few and far between."   *Rogers v.*

*Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

   A.   *Claim One*

   Petitioner asserts that counsel rendered ineffective assistance by failing to object

when the State violated the trial court's in limine ruling that evidence of additional

victims could not be presented.   Specifically, Petitioner complains that the State elicited

testimony from Victoria Edwards ("Edwards"), a teacher who worked with Petitioner at

the time of the offenses, that a female student, J.L., told her something in class that

required Edwards to tell her superiors because the law mandated disclosure.   Petitioner

further contends that Diane Ristom ("Ristom") improperly testified that her daughter,

T.R., a student at Petitioner's school, was nervous and told Ristom something that

resulted in her calling the principal's office.

   Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief

pursuant to *Strickland*.   (Doc. 11-2 at 27-29).   The state court reasoned that Edward's

and Ristom's testimony did not violate the trial court's ruling because they did not say

that either J.L. or T.R. were additional victims of Petitioner.   *Id*.   Instead, the state court

determined that the jury could have found that Edwards' and Ristom's testimony

indicated they were told information by J.L. and T.R. that was based on things they had seen Petitioner do to one of the six victims or was based on statements made to J.L. and T.R. by one of the six victims.   *Id*.   The state court further noted that the defense elicited testimony on cross-examination of one of the victims that J.L was involved in getting the victims together to report Petitioner's conduct.   *Id*. at 28.   Consequently, the jury already knew that J.L. was involved in bringing the matter to the attention of the school administrators.   *Id*.   The state court concluded, therefore, that no prejudice resulted from counsel's failure to object to Edwards' and Ristom's testimony.   *Id.* at 28-29.

Petitioner has not established that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland.*   The record reflects that the trial court ruled that the prosecution could not introduce evidence that Petitioner had molested any girls other than the victims at issue in the charged cases.   (Doc. 9-6 at 43-47).   During the trial, the defense questioned victim C.E. about J.L.'s actions in bringing C.E. into the group of girls complaining about Petitioner's conduct.   (Doc. 10-2 at 15-17). Consequently, the defense first raised the issue of J.L.'s involvement in the cases.

Thereafter, the State called Edwards to testify.   Edwards said that J.L. had told her information during class that she was legally required to report to her superiors. (Doc. 10-4 at 98-99).   Edwards did not state what J.L. told her or indicate that J.L. had alleged Petitioner molested her.

The State next called Ristom as a witness.   Ristom testified that she contacted the principal's office after her daughter called her and appeared nervous and concerned.   *Id.* at 111-15.   Ristom's daughter was in Edwards' class.   (Doc. 10-5 at 37).   Ristom did not indicate what her daughter told her or indicate that her daughter told her that she or anyone else had been molested by Petitioner.

Based on the record, the defense opened the door to testimony regarding J.L.'s involvement in the cases.   Moreover, neither Edwards' nor Ristom's testimony violated the trial court's ruling that the State was precluded from presenting evidence that Petitioner had molested any girls other than the victims in the charged cases.   Therefore, counsel was not deficient for failing to object to this testimony nor did prejudice result therefrom.   Accordingly, claim one is denied pursuant to section 2254(d).

## B.    *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to object when Edwards said that a child stated she was abused by Petitioner.   According to Petitioner, counsel should have objected to the testimony because it was hearsay.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied the claim pursuant to *Strickland.*   (Doc. 11-2 at 40).   The state court determined that Edwards did not testify about what J.L. told her, and thus, no basis existed to object based on hearsay.   *Id.*

The state court's denial of this claim is neither contrary to, nor an unreasonable

application of, *Strickland*.   Edwards did not testify as to what J.L. told her.   (Doc. 10-4 at 98-100).   She only said that J.L. gave her information.   *Id*.   Counsel, therefore, had no reason to object based on hearsay.   Accordingly, claim two is denied pursuant to section 2254(d).

### C.   Claim Three

Petitioner asserts that counsel rendered ineffective assistance by failing to object to testimony regarding the internal school investigation.   According to Petitioner, the State presented this testimony to bolster the credibility of the victims.   Specifically, Petitioner complains about the testimony of school guidance counselor, Sharon Kline ("Kline"), and school principal, Margaret Baker ("Baker"), and the State's references to their investigation in opening statement and closing argument.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief pursuant to *Strickland*.   (Doc. 11-2 at 29-30).   The state court reasoned that Kline and Baker described the procedure that was followed after they learned that the victims had made allegations against Petitioner.   *Id*. at 29.   The state court determined that this evidence was relevant to show how the allegations against Petitioner came to light and did not bolster the testimony of any of the witnesses.   *Id*.   The state court concluded that counsel was not deficient for failing to object to the testimony nor did prejudice result.   *Id*. at 30.

Petitioner has not demonstrated that the state court's denial of this claim is

contrary to, or an unreasonable application of, *Strickland*.   Kline and Baker's testimony was relevant to explain how the charges against Petitioner emanated.   *See* Doc. 10-4 at 117-35; Doc. 10-5 at 1-60).   Their testimony did not bolster the credibility of any witnesses.   Consequently, counsel had no reason to object to their testimony and prejudice did not result from counsel's falure to do so.   Accordingly, claim three is denied pursuant to section 2254(d).

> **D.** **Claim Four**

Petitioner maintains that counsel rendered ineffective assistance by failing to object to the State's reference to Ristom's testimony in its opening statement and to Ristom's testimony based on the State's failure to proffer her testimony.   In support of this claim, Petitioner notes that prior to trial, the trial court directed the State to proffer Ristom's testimony first.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied the claim pursuant to *Strickland*.   (Doc. 11-2 at 30-31).   The state court noted that the trial court had ordered Ristom's testimony to be proffered and thus counsel could have objected to the State's failure to do so.   *Id*. at 30.   The state court concluded, however, that no prejudice resulted from counsel's failure to object to Ristom's testimony or to the State's reference to Ristom's testimony in opening statement because Ristom's testimony was admissible.   *Id.* at 31.

The state court's denial of this claim is not contrary to, or an unreasonable

10

application of, *Strickland*.   The trial court ruled that the State should proffer Ristom's testimony.   (Doc. 9-6 at 43-45).   At trial, however, the State called Ristom to testify and did not proffer her testimony.   (Doc. 10-4 at 109-15).   Counsel, therefore, could have objected to her testimony on this basis.   Nevertheless, had counsel objected and the State been required to proffer Ristom's testimony, the trial court would have ruled that her testimony was admissible because it was relevant to how the allegations came to light. Consequently, Petitioner has not established that a reasonable probability exists that the outcome of the trial would have been different had counsel objected to Ristom's testimony or to the State's reference to her testimony in opening statement. Accordingly, claim four is denied pursuant to section 2254(d).

### E.   *Claim Five*

Petitioner contends that counsel rendered ineffective assistance by failing to adequately investigate and cross-examine A.R.   According to Petitioner, trial counsel knew that A.R. had falsely accused Todd Kemps ("Kemps") of sexually fondling her prior to trial.

Petitioner raised this claim in his Rule 3.850 motion.   The state court determined that there was no evidence that A.R. had made false allegations against Kemps.   (Doc. 11-2 at 41-42).   The state court noted that Kemps was charged with battery for touching A.R.'s "face with his hands while attempting to kiss her, after he had been told no to previous sexual advances."   *Id*. at 41.   Kemps subsequently pled no contest to the

charge and was sentenced to one-year of probation.   *Id*.   The state court concluded that Petitioner had not provided any evidence showing that A.R.'s accusation was false and counsel was not deficient for failing to impeach A.R.   *Id*. at 42.

Petitioner has not established that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland.*   Kemps was charged with battery of A.R., entered a plea of no contest to the charge, and was sentenced to a one-year term of probation.   (Doc. 11-3 at 134-37; Doc. 11-4 at 1-2).   Petitioner did not present any evidence in the state court establishing that A.R. recanted her allegations against Kemps. Petitioner has not shown, therefore, that counsel was deficient for failing to investigate and impeach A.R. on this matter.   Accordingly, claim five is denied pursuant to section 2254(d).

### F.   *Claim Six*

Petitioner asserts that counsel rendered ineffective assistance by failing to impeach A.H. with evidence that she was a liar.   In support of this claim, Petitioner argues that A.H. said in her deposition that she had trouble telling the truth and had lied to her parents on multiple occasions.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief. (Doc. 12-1 at 62).   The state court determined that testimony that A.H. had "lied to her parents on occasion in order to avoid punishment would not have caused the jury to disbelieve her testimony."   *Id*.   The state court noted that A.H. said in her deposition

12

that she had lied to her parents on past occasions about whether she had done her homework or about how she had done on a test.   *Id*.   The state court reasoned that lying about such instances did not mean "she would tell a lie which could cause a man to lose his job and go to prison."   *Id*.   The state court also concluded that even if counsel had used A.H.'s deposition testimony to impeach A.H., the outcome of the trial would not have been different.   *Id*.

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*.   The record reflects that defense counsel thoroughly cross-examined A.H. and established that she was good friends with the other accusers, they had talked about writing a note concerning their allegations, and they discussed the matter with each other on different occasions.   (Doc. 10-4 at 17-21).   The jury also heard that two of the victims had been placed in detention by Petitioner prior to the allegations being made, the two girls were mad at him, and that one of the victims was asked or encouraged by another victim to make allegations against Petitioner.   (Doc. 10-3 at 60-63).   Thus, the credibility of all the victims was thoroughly questioned by the defense. Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel asked A.H. if she had lied to her parents about homework and test grades on prior instances.   Accordingly, claim six is denied pursuant to section 2254(d).

### G.    Claim Seven

Petitioner asserts that counsel rendered ineffective assistance by failing to notify the trial court that the State intimidated defense witness V.G. immediately before she testified.    According to Petitioner, while V.G. was waiting to testify, the prosecutor approached her and took issue with the content of V.G.'s testimony for approximately five minutes.

Petitioner raised this claim in his Rule 3.850 motion.    The state court denied relief. (Doc. 11-2 at 43).    The state court noted that V.G. testified that she was friends with the victims and that C.E. and L.E. had pressured her to make accusations against Petitioner which she did not believe were true.    *Id*.    The state court concluded that in light of V.G.'s testimony, Petitioner had not demonstrated he was prejudiced by counsel's failure to advise the trial court of the prosecutor's conduct.    *Id*.

The state court's denial of this claim is not contrary to, or an unreasonable application of, *Strickland*.    At trial, V.G. testified that she was friends with the six victims at the time of the offenses.    (Doc. 10-6 at 61, 63, 70-78).    She said that two of the victims, C.E. and L.E., pressured her to make accusations against Petitioner that she did not believe were true.    *Id*.    There is no indication that V.G.'s testimony was influenced or altered by the prosecutor's purported intimidation.    Thus, even assuming the prosecutor did intimidate V.G., no reasonable probability exists that the outcome of the

trial would have been different had counsel told the trial court of the prosecutor's actions. Accordingly, claim seven is denied pursuant to section 2254(d).

### H.    Claim Eight

Petitioner contends that counsel rendered ineffective assistance by failing to object to arguments made by the prosecutor that sought jury sympathy and vouched for the victims' credibility.    In support of this claim, Petitioner complains that in opening statement the prosecutor said that the criminal process had been difficult for the victims and that testifying would be difficult for them.    He further notes that the prosecutor improperly argued in closing that (1) the case was important to the victims given what they had to go through since Petitioner committed the acts upon them, (2) it was difficult for K.M. to have to testify, (3) it was not accidental when there were six different girls totally reluctant to say what happened, (4) it took a lot of courage for A.H. to write the note and come forward, and (5) the victims were in a world of confusion.

Petitioner raised this claim in his Rule 3.850 motion.    The state court denied the claim pursuant to *Strickland*.    (Doc. 11-2 at 32-33).    The state court determined that the statements were not made to appeal for sympathy or to vouch for the credibility of the victims.    *Id*. at 32.    The state court found that the statements were in response to the defense's theory that the victims conspired and fabricated the allegations against Petitioner and were made to argue that the victims were likely telling the truth because reporting the incidents had been a difficult thing to do.    *Id*.    The state court further

15

reasoned that the prosecutor's statements did not vouch for the victims' credibility, but only suggested why the jury should believe the victims.   *Id*.   The state court concluded that the statements were proper, and counsel was not ineffective for failing to object to them.   *Id*.

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)).   "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id*. (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)).   In determining whether the prosecutor's remarks warrant habeas relief, the proper inquiry is "whether the improper remarks were of sufficient magnitude to undermine confidence in the jury's decision.   If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986).

Prosecutorial comments should not be considered in isolation.   *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir. 1997).   Instead, reviewing courts must examine the entire context of the trial proceeding.   *Id*. (citing *Brooks v. Kemp*, 762 F.2d 1383, 1413 (11th Cir. 1985)).   Additionally, the court must consider whether "'defense counsel's closing argument . . . ameliorate[d] the damage done to the defense by the prosecutor's

[statements].'"   *Id.* (quoting *Davis v. Zant*, 36 F.3d 1538, 1551 (11th Cir. 1994)).   Likewise, the trial court's instructions to the jury "'may remedy [the] effects of improper comments.'"   *Id*. (quoting *Brooks,* 762 F.2d at 1400).

The state court's denial of this claim is not contrary to, or an unreasonable application of, *Strickland.*   The prosecutor's statements were reasonable inferences that could be drawn from the evidence and did not vouch for the credibility of the witnesses or improperly seek jury sympathy.   Moreover, the trial judge instructed the jury that nothing the attorneys said was evidence and that only the evidence presented at trial could be considered in determining Petitioner's guilt.   (Doc. 10-6 at 104; Doc. 10-7 at 86-87, 89-90).   The trial court further instructed the jury about factors it should consider in determining the credibility of the witnesses and that the case must not be decided "for or against anyone because you feel sorry for anyone or are angry at anyone."   (Doc. 10-7 at 87-88, 90).   In sum, counsel had no basis to object to the prosecutor's statements, and no prejudice resulted from counsel's failure to do so.   Accordingly, claim eight is denied pursuant to section 2254(d).

## I.      *Claim Nine*

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the prosecutor's statements in closing argument regarding its reason for calling L.M. as a witness.   Specifically, Petitioner complains that the prosecutor improperly argued that she called L.M. as a witness, despite the fact L.M. testified that she did not believe

Petitioner's conduct was sexually motivated, "because it's the truth.    It's part of the truth of everything that occurred here.    The State was not trying to hide anything from you." (Doc. 1 at 19).    According to Petitioner, the prosecutor's statements improperly bolstered the credibility of the State's case.

Petitioner raised this claim in his Rule 3.850 motion.    The state court denied relief pursuant to *Strickland*.    (Doc. 11-2 at 33-34).    The state court noted that L.M. testified Petitioner did not touch her in an inappropriate manner although she admitted that he had touched her butt.    *Id.*    The state court further noted that L.M. testified on cross-examination that she made the accusations against Petitioner because L.E. convinced her to do so because L.E. was upset she got detention.    *Id.*    The state court determined that the prosecutor's statements were not improper because they were made in response to the defense's argument that L.M. was the State's witness yet her testimony supported the defense.    *Id.* at 34.    The state court concluded that the prosecutor was allowed to argue that the evidence presented supported her theory of the case.    *Id.*

Petitioner has not demonstrated that the prosecutor's statements were improper. In closing, the defense argued that L.M. was the State's witness yet she testified that the victims fabricated the accusations against Petitioner because some of them were mad at Petitioner and pressured the others into making the accusations.    (Doc. 10-7 at 43-46). In response, the prosecutor argued that she called L.M. to testify because even though L.M. did not believe Petitioner's conduct was sexually motivated, L.M. admitted that

Petitioner touched her.   *Id.* at 69.   This argument was appropriate in light of the evidence presented.   Furthermore, even assuming the prosecutor's statements were improper, no prejudice resulted from counsel's failure to object to them given that Petitioner was acquitted of the charge of molesting L.M.   Accordingly, claim nine is denied pursuant to section 2254(d).

### J.     *Claim Ten*

Petitioner asserts that counsel rendered ineffective assistance by failing to object when the prosecutor attacked defense counsel in closing argument.   Specifically, Petitioner contends that the prosecutor improperly argued:

> The defense wants to claim that somehow [L.M.] has this inside knowledge that all the girls were going to quote, get him.   But then, of course, that was – more emphasis today on that because initially it was [C.E.] and [L.E.] were out to get him.   Of course, these are the only two who were initially – who were put in detention at any point in time.   And do you really think that [L.M.] even knew about that, that these two girls were in detention?   Or did she find that out a couple of weeks ago when she was visiting with the defense attorneys when they offered to bring her here to court?   Does anyone really believe that [C.E.] went running down the hallway and [sic] saying I was in detention?

(Doc. 1 at 19-20).

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief pursuant to *Strickland*.   (Doc. 11-2 at 35).   The state court determined that no prejudice resulted based on counsel's failure to object to the comments.   *Id.*   The state court reasoned that the prosecutor did not argue that defense counsel convinced L.M. to lie. *Id.*   The state court further noted that Petitioner was acquitted of the charges premised

19

on the molestation of L.M. and L.E., the girl L.M. said pressured her to make the accusations against Petitioner.   *Id.*

Petitioner has not established that the state court's denial of this claim is contrary to, or an unreasonable application of, federal law.   Regardless of whether the prosecutor improperly implied that defense counsel influenced L.M.'s testimony, no prejudice resulted from counsel's failure to object to the statements.   As noted *supra*, Petitioner was acquitted of the charges as to L.M. and L.E.   Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the statements.   Accordingly, claim ten is denied pursuant to section 2254(d).

### K.   *Claim Eleven*

Petitioner maintains that counsel rendered ineffective assistance by failing to object to the prosecutor's statements in closing argument characterizing Petitioner as a sexual pervert.   In support of this claim, Petitioner notes the prosecutor's statements (1) questioning the thrill Petitioner got from touching C.E. in the hallway and touching L.E.'s bra, (2) arguing that individuals like Petitioner do not get free tickets to touch young girls, and (3) arguing that if Petitioner had touched young girls in the park or other such places, there would be outrage.   (Doc. 1 at 21).   Petitioner contends that these statements were intended to convey that Petitioner was a pedophile running loose in the school system.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief pursuant to *Strickland*.   (Doc. 11-2 at 35-36).   The state court concluded that the

statements were proper.   *Id*. at 36.   The state court reasoned that the statements were made to argue that Petitioner's touching was sexually motivated, which was a heavily contested issue.   *Id*.

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*.   Review of the prosecutor's statements indicates that their purpose was to argue that Petitioner's intent in touching the girls was sexual in nature. Counsel, therefore, was not deficient for failing to object to the statements.   Accordingly, claim eleven is denied pursuant to section 2254(d).

L.     *Claim Twelve*

Petitioner asserts counsel rendered ineffective assistance by failing to object when the prosecutor made statements in closing that effectively suggested that "the [victims'] complaints were the tip of the iceberg."   (Doc. 1 at 22).   Petitioner complains that the prosecutor suggested that Petitioner's conduct with students was more extensive than just the charges before the jury.   He points to the prosecutor's statements that the victims "didn't exaggerate anything at all. . . . If they were out to get him there's a lot more they could have said."   *Id*.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief pursuant to *Strickland*.   (Doc. 11-2 at 37).   The state court determined the statements did not suggest that Petitioner had committed acts other than those to which the victims testified.   *Id*.   Instead, the state court found that the prosecutor was arguing that the

victims could have made up more egregious conduct than that described in their testimony if they were lying.   *Id.*   The state court concluded, therefore, that the statements were proper and counsel was not ineffective for failing to object.   *Id.*

The state court's determination is supported by the record.   The prosecutor was not arguing that there were additional allegations of molestation by the victims or others. When read in context, the prosecutor was arguing that had the victims wanted to lie, they could have fabricated more substantial accusations against Petitioner.   *See* Doc 10-7 at 61.   Therefore, counsel was not deficient for failing to object to the statements nor did prejudice result from counsel's failure to do so.   Accordingly, claim twelve is denied pursuant to section 2254(d).

### M.   Claim Thirteen

Petitioner contends that counsel rendered ineffective assistance by failing to object when the prosecutor urged the jury in closing argument to tell the victims they believed them.   Specifically, Petitioner argues that the prosecutor improperly asked the jury to "bring back a verdict that says . . . we believe in you.   You told the truth. . . . [and] [L.M.], you might excuse him, but we don't because that behavior is not excusable."

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief pursuant to *Strickland*.   (Doc. 11-2 at 38).   The state court determined that the statements were not improper and did not prejudice Petitioner.   *Id.* The state court reasoned that the prosecutor was only asking the jury to believe that the evidence

supported the State's theory of the case.    *Id*.

The state court's denial of this claim is not contrary to, or an unreasonable application of *Strickland*.    The prosecutor's statements simply asked the jury to return a verdict of guilty because it believed the testimony of the victims.    Petitioner has not established that the statements were improper.    Furthermore, a reasonable probability does not exist that the outcome the trial would have been different had counsel objected to the statements.    The jury clearly disregarded the prosecutor's argument in part because it acquitted Petitioner of the charges of molesting L.M. and L.E. Accordingly, claim thirteen is denied pursuant to section 2254(d).

### N.    *Claim Fourteen*

Petitioner asserts that counsel rendered ineffective assistance by failing to object to the prosecutor's statements indicating that law enforcement became involved because Petitioner's conduct was criminal.    Petitioner complains that the prosecutor improperly argued:

> And Mrs. Baker said that once she started contact [sic] her supervisors and from there within a week or two law enforcement got involved.    And the reason simply is because this – his actions had risen to criminal conduct.
>
> * * *
>
> And when you have a criminal violation, you're not filed [sic] with sexual harassment policy.    At that point in time law enforcement is involved.

(Doc. 1 at 23).

Petitioner raised this claim in his Rule 3.850 motion.    The state court denied relief

23

pursuant to *Strickland*.   (Doc. 11-2 at 38-39).   The state court reasoned that the jury was aware that at some point law enforcement became involved because they believed Petitioner's actions were criminal.   *Id*. at 39.   As the state court rationalized, "otherwise, [Petitioner] would not have been standing trial."   *Id*.   Consequently, the state court determined that the comments were not improper and did not prejudice Petitioner.   *Id*.

The state court's denial of this claim is neither contrary to, nor an unreasonable application of, *Strickland*.   Clearly, the jury had to know that law enforcement became involved because they thought Petitioner had committed a crime.   Conversely, if law enforcement had not believed Petitioner's conduct was criminal, there would have been no trial.   Thus, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the statements and the objection been sustained.   Accordingly, claim fourteen is denied pursuant to section 2254(d).

### O.   Claim Fifteen

Petitioner maintains that counsel rendered ineffective assistance by failing to object to the prosecutor's erroneous statements in closing argument regarding the element of lewdness.   Specifically, Petitioner complains that the prosecutor improperly argued that Petitioner was guilty because the evidence showed that the touching was volitional and there was no legal justification for it.   (Doc. 1 at 24).   Petitioner argues that this misrepresented the burden of proof as to the lewd or lascivious element.   *Id.*

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied relief

pursuant to *Strickland*.   (Doc. 11-2 at 39-40).   The state court noted that the State argued that the touching must have occurred because Petitioner had a lewd intent given that the touching was not accidental and was not justified by any reason.   *Id*. at 39.   The state court concluded that the statements were appropriate and the prosecutor was simply arguing that the evidence supported its theory of the case.   *Id*.

Petitioner has not established that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland.*   The prosecutor's statements regarding the purpose of Petitioner's touching of the victims was permissive argument based on the evidence presented.   Furthermore, the jury was instructed that lewd and lascivious means "a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act."   (Doc. 10-7 at 76).   Thus, the jury knew it had to find that Petitioner acted with such intent before it could convict Petitioner of the offense of lewd or lascivious molestation.   Petitioner, therefore, has not shown either deficient performance or prejudice.   Accordingly, claim fifteen is denied pursuant to section 2254(d).

**P.    *Claim Sixteen***

Petitioner contends that counsel rendered ineffective assistance by improperly advising him in relation to plea offers.   In support of this claim, Petitioner maintains that counsel failed to properly advise him of the statutory maximum sentences he faced if convicted and failed to adequately advise him about the risks of proceeding to trial.[4]

---

[4] Petitioner raised claim sixteen as two separate grounds in the state court.   *See*

Petitioner raised this claim in his Rule 3.850 motion.   The state court held an evidentiary hearing on the claim after which it denied relief.   (Doc. 12-1 at 47-59).   The state court found that counsel failed to advise Petitioner he faced a minimum sentence of 46.375 years and a maximum sentence of 195 years if convicted of all charges.   *Id*. at 52. The state court, however, credited co-counsels' testimony that Robin Lemonidis ("Lemonidis") told Petitioner he was facing a minimum sentence of 37 years if convicted and that Petitioner considered that amount of time to be equivalent to a lifetime.   *Id*. at 49-52.   The state court concluded that counsel was deficient for improperly advising Petitioner regarding the minimum and maximum sentence he faced if convicted.   *Id*. at 52.

The state court further found that defense counsel did tell Petitioner that if he proceeded to trial, there was a good chance he would not be convicted of any felonies. *Id*. at 12-1 at 56.   Nevertheless, the state court determined that counsel made it clear to Petitioner that there was no guarantee he would win at trial, explained to Petitioner that there were still risks involved if he proceeded to trial, told Petitioner that the children could appear sympathetic to the jury, and advised him he would be rolling the dice if he proceeded to trial.   *Id*. at 56-58.   The state court determined that counsel repeatedly advised and urged Petitioner to take the plea offer to one count of misdemeanor battery for which he would face no jail time, no probation, and no adjudication of guilt.   *Id*. at

---

Doc. 12-1 at 48-59.

49-53.    The state court concluded that counsel did not render deficient performance in relation to the plea in any manner except regarding Petitioner's sentence exposure.    *Id.* at 59.

The state court found that no prejudice resulted based on counsel's erroneous advice regarding Petitioner's sentence exposure.    *Id.* at 53-54.    The state court determined, based on the evidence presented at the hearing, that Petitioner would not have accepted the plea even if he had been advised of the correct sentence exposure.    *Id.* In so ruling, the state court relied on Petitioner's statements at sentencing and counsels' testimony that Petitioner refused to take a plea offer despite their advice because it would damage his reputation.    *Id.*   The state court further found that Petitioner, who was 55 years of age at the time of trial, believed that the minimum sentence of 37 years was a life sentence.    *Id.* at 54.    Consequently, the state court concluded that Petitioner "was willing to risk spending the rest of his life in prison in order to avoid entering the plea." *Id.* at 54-55.

In *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), the Supreme Court of the United States held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations.    Therefore, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."    *Lafler*, 132 S. Ct. at 1387.    The two-part test enunciated in *Strickland* applies to claims that counsel was ineffective during plea negotiations.    *Lafler*, 132 S. Ct. at 1384 (applying *Strickland's*

27

two-part test to federal habeas petitioner's claim that counsel was ineffective for advising him to reject a plea offer); *Hill v. Lockhart*, 474 U.S. 52, 48 (1985) (applying *Strickland's* two-part test to defendant's challenge to his guilty plea based on ineffective assistance of counsel).

With respect to the prejudice inquiry, the Supreme Court held that the defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence.   *Lafler*, 132 S. Ct. at 1384–85.

Petitioner has not established that the state court's determination is contrary to, or an unreasonable application of, *Lafler* or an unreasonable determination of the facts in light of the evidence presented.   At the evidentiary hearing, defense attorneys Lemonidis and Michael Kahn ("Kahn") testified that Lemonidis told Petitioner he was subject to a minimum term of imprisonment of 37 years if convicted of all charges.   (Doc. 11-6 at 7; 11-8 at 7).   According to Lemonidis, Petitioner's response to this advice was that the 37-year minimum sentence might as well be life because it would be a life sentence for him.   (Doc. 11-8 at 8).   Lemonidis admitted that she never informed Petitioner that the minimum sentence he could receive if convicted of all charges was 47 years or that his maximum sentence exposure was life in prison.   (Doc. 11-7 at 57).

Lemonidis further testified that although she told Petitioner she and Kahn felt

strongly that they could avoid a felony conviction, they never told Petitioner that the State did not have a case.    Furthermore, she said they carefully explained to Petitioner that the jury could determine that he acted with lewd or lascivious intent.    (Doc. 11-8 at 27, 79, 81-85).    Kahn also testified he never told Petitioner that the State did not have a case and that he and Lemonidis constantly told Petitioner the dangers of proceeding to trial. (Doc. 11-6 at 11, 30-31).    Lemonidis said they told Petitioner that proceeding to trial was a roll of the dice in that he could win or lose and there was no guarantee he would prevail. *Id.* at 24-25.    Lemonidis and Kahn testified that they repeatedly urged Petitioner to take the plea offer, but Petitioner refused to do so because he maintained his innocence. (Doc. 11-6 at 43, 64; Doc. 11-7 at 71; Doc. 11-8 at 24, 67).

The state court correctly determined that counsels' failure to advise Petitioner of his correct minimum and maximum sentence exposure was deficient performance. However, counsels' advice regarding their assessment of the State's case, the advantages of taking the plea, and the risks of proceeding to trial was objectively reasonable.    *See Turner v. Calderon*, 281 F.3d 851, 881 (9th Cir. 2002) ("Counsel cannot be required to accurately predict what the jury or court might find, but he can be required to give the defendant the tools he needs to make an intelligent decision.").    "Trial counsel was not constitutionally defective because [they] lacked a crystal ball."    *Id.*

Having determined that counsel was deficient in relation to their advice about Petitioner's sentencing exposure, the Court must consider whether Petitioner was

prejudiced as a result.   Counsel testified that against their advice, Petitioner refused to take the plea offer despite his belief he was facing a minimum sentence of 37 years that he thought was equivalent to a life sentence.   The state court made a factual determination counsels' testimony was credible that Lemonidis advised Petitioner he was facing a minimum sentence of 37 years and Petitioner believed that it was a life sentence.   "Credibility determinations are factual findings and therefore 'are presumed to be correct absent clear and convincing evidence to the contrary.'"   *Guerra v. Sec'y, Dep't of Corr.*, 271 F. App'x 870, 871 (11th Cir. 2008) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)).   Petitioner has not demonstrated by clear and convincing evidence that the state court's factual determination is incorrect.   Thus, the state court reasonably found that Petitioner could not establish prejudice because the evidence established he "was willing to risk spending the rest of his life in prison in order to avoid entering the plea."

This determination is further supported by Petitioner's own statements. Petitioner adamantly maintained his innocence even though he believed he faced the equivalent of a life sentence if convicted at trial.   At the sentencing hearing, when Lemonidis asked Petitioner if he felt brow beaten by them to take a plea, he responded affirmatively.   (Doc. 7-4 at 32).   Petitioner explained, "I didn't do it; and to take a plea deal that would cast a shadow over my name and my reputation and give people a reason to believe that I may be guilty, I just couldn't do that either."   *Id.*   In light of counsels'

30

testimony and Petitioner's statements, Petitioner has not demonstrated that a reasonable probability exists that he would have accepted the plea offer had he been properly advised of his sentence exposure.

Finally, the Court notes that the trial judge indicated at sentencing that the evidence was clear that some of Petitioner's actions were not innocent touching.   (Doc. 7-6 at 36-37).   The trial court then said that he did not "know for sure if [he] would have accepted that plea.   Certainly [he] would have wanted to hear from the victims to make the determination."   (Doc. 7-6 at 37).   Thus, it is questionable that the plea would have been accepted by the trial court.   In sum, the Court has considered all of Petitioner's arguments regarding counsels' performance in relation to the plea offer and concludes this claim must be denied pursuant to section 2254(d).

Q.   *Claim Seventeen*

Petitioner contends that the cumulative effect of counsel's deficiencies deprived him of effective assistance.   (Doc. 1 at 40).   In support of this claim, Petitioner relies on the claims of ineffective assistance of counsel discussed *supra*.

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied the claim, reasoning that Petitioner's individual claims were without merit.   (Doc. 11- 2 at 43-44.)

As explained by the Eleventh Circuit Court of Appeals, "[w]hile the prejudice inquiry should be a cumulative one as to the effect of all of the failures of counsel that

31

meet the performance deficiency requirement, only the effect of counsel's actions or inactions that do meet that deficiency requirement are considered in determining prejudice." *Evans v. Sec'y, Fla. Dep't of Corr.*, 699 F.3d 1249, 1269 (11th Cir. 2012). Consequently, because Petitioner has demonstrated only one deficiency in counsel's performance, his claim of cumulative error fails. *See Borden v. Allen,* 646 F.3d 785, 823 (11th Cir. 2011) ("Because Borden has not sufficiently pled facts that would establish prejudice—cumulative or otherwise—we decline to elaborate further on [a cumulative-effect ineffective assistance of counsel claim] for fear of issuing an advisory opinion on a hypothetical issue."). Accordingly, claim seventeen is denied pursuant to section 2254(d).

### R.      *Claim Eighteen*

Petitioner asserts that his sentences are premised on facts not found by the jury in violation of his Fifth, Sixth, and Fourteenth Amendment rights. Specifically, Petitioner argues that his sentence for first degree lewd or lascivious molestation under section 800.04(5)(b) of the Florida Statutes and three sentences for second degree lewd or lascivious molestation under section 800.04(5)(c) are unconstitutional because the jury was not instructed that Petitioner's age and the victims' ages were essential elements of the offenses.

Petitioner raised this claim in the state court. The Fifth DCA determined that no fundamental error occurred by failing to instruct the jury on the age of Petitioner and the

victims because their ages were undisputed and established by the evidence presented at trial.   (Doc. 10-10 at 60-64).

The Eleventh Circuit has held that error pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Alleyne v. United States,* 133 S. Ct. 2151 (2013) "are harmless beyond a reasonable doubt when there is 'uncontroverted evidence' supporting a statutory fact that alters the range of possible sentences a defendant may receive."   *United States v. Payne*, 763 F.3d 1301, 1304 (11th Cir. 2014) (citing *United States v. Candelario*, 240 F.3d 1300, 1308 (11th Cir. 2001) and *United States v. King*, 751 F.3d 1268, 1278–79 (11th Cir. 2014)). The evidence presented at trial established beyond a reasonable doubt that Petitioner was more than eighteen years of age at the time of the offenses.   (Doc. 10-5 at 36; Doc. 10-6 at 30).   Furthermore, the jury heard the victims' dates of birth, and it is undisputed that two of the victims were twelve years of age and one of the victims was eleven years of age at the time of the offenses.   (Doc. 10-1 at 67-68; Doc. 10-2 at 96; Doc. 10-3 at 79, 92). Consequently, any error in failing to charge the jury it had to determine the victims' and Petitioner's ages at the time of the offenses was harmless.   Accordingly, claim eighteen is denied pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## V.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the

Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.   Petitioner has failed to make a substantial showing of the denial of a constitutional right.   Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.   The Petition for Writ of Habeas Corpus (Doc. 1) filed by Ronald J. Rosen is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

    2.      Petitioner is **DENIED** a Certificate of Appealability.

    3.      The Clerk of the Court is directed to enter judgment accordingly and close this case.

    **DONE AND ORDERED** in Orlando, Florida, this 29th day of September, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record